UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 06-10116-RGS

UNITED STATES OF AMERICA

v.

ROBERT PROSPERI, GREGORY A. STEVENSON,
MARC J. BLAIS, and JOHN J. FARRAR

<u>ORDER ON MOTIONS FOR A NEW TRIAL
AND ACQUITTAL AND FOR DISCOVERY</u>

April 29, 2010

STEARNS, D.J.

The motions for judgment of acquittal and for a new trial are <u>DENIED</u>. This Order affects the following docket entries: motion for judgment of acquittal (#264, all defendants);[1] motion for a new trial (#294, all defendants); and renewed motion for acquittal (#262, Blais). The motion for discovery (#295, all defendants) is also <u>DENIED</u>.

The renewed motions for judgments of acquittal have no traction. "If the evidence presented, taken in the light most flattering to the prosecution, together with all reasonable inferences favorable to it, permits a rational jury to find each and every essential element of the crime charged beyond a reasonable doubt, then the evidence is legally sufficient." <u>United States v. Olbres</u>, 61 F.3d 967, 970 (1st Cir. 1995), citing <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). In applying this standard, a court "must resolve all evidentiary conflicts and credibility questions in the prosecution's favor. . . ." <u>Olbres</u>, 61 F.3d at 970. The testimony of Gerard McNally standing alone – even were the court to disregard the

---

[1]The court's notes reflect that this motion was denied at trial. However, it remains open on the docket.

wealth of corroborating evidence – is sufficient to sustain the jury's verdict.[2]

Defendants' motions for a new trial and for discovery (#294 and #295) are based on the alleged failure of the government to produce a statement of interview and the grand jury testimony of Michael Praul, a Federal Highway Administration civil engineer. I agree with the government that Praul's statements, to the extent that they might be viewed as exculpatory, offer little if anything that was not fully aired before the jury.[3] Moreover, most of the cited statements involve Praul's opinions about general industry practices which are of doubtful relevance or admissibility.[4] Praul's opinions regarding the CA/T contract specifications are not based on personal knowledge, but on after-the-fact review. The thrust of his views, again to the extent that they might have been helpful to defendants (and admissible) was, as defendants concede in their Memorandum, put fully before the

---

[2]To the extent that defendant Blais bases his separate motion on a perceived inconsistency in the jury's verdict, see Supplemental Memorandum (Docket #283), the argument has no legal force. See United States v. Bucuvalas, 909 F.2d 593, 597 (1st Cir. 1990), abrogated on other grounds, Cleveland v. United States, 531 U.S. 12 (2000). "[I]nconsistent verdicts, whether the result of leniency, compromise, or mistake, 'should not be reviewable.'" Bucuvalas, 909 F.2d at 597, citing United States v. Powell, 469 U.S. 57, 66 (1984). It also matters not whether Blais was convicted as an aider and abettor or as a principal (although the evidence strongly supports both propositions).

[3]The statements concern the desirability of fly ash content in concrete, whether the 90-minute rule was "hard and fast," and the circumstances under which out-of-specification concrete might be found acceptable by a prime contractor.

[4]The court says this with greater confidence than usual having heard Praul's testimony at the preliminary sentencing hearing on January 12, 2010. I heard nothing that would have impacted on the jury's verdict had it been presented at trial. Cf. Kyles v. Whitley, 514 U.S. 419, 434-435 (1995). Thus, even if Praul's prior statements were thought to be "newly discovered evidence," they would not meet the "probability of a different result" standard required for the granting of a new trial. See United States v. Maldonado-Rivera, 489 F.3d 60, 66 (1st Cir. 2007).

jury.[5]

It is true that a district court has greater latitude in ordering a new trial than in overturning a jury's verdict. United States v. Rothrock, 806 F.2d 318, 321 (1st Cir. 1986). Nonetheless, the trial judge is not "a thirteenth juror" who may set aside a verdict simply "because he would have reached a different result." United States v. Sampson, 486 F.3d 13, 50 (1st Cir. 2007). Consequently, "[t]he remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" United States v. Andrade, 94 F.3d 9, 14 (1st Cir. 1996). Neither of these preconditions attaches in this case.

## ORDER

For the foregoing reasons, the motions filed as Docket #264, #294, #262, and #295 are DENIED.

SO ORDERED.

/s/ Richard G. Stearns

UNITED STATES DISTRICT JUDGE

---

[5]As the government points out in its memorandum, Praul was never assigned to oversight of the CA/T project. Most of his concrete information was derived from the Wiss Janey report, which the government had produced well before trial.